### UNITED STATES *v.* HOUSTON *et al.*

*(District Court, D. Kansas, First Division. November 23, 1891.)*

1. JUDGMENTS—DEATH OF PARTY—REVIVOR—JOINT DEFENDANTS.
   Gen. St. Kan. § 4528, declares that on the death of a defendant pending an action wherein the right survives against his personal representatives, revivor shall be had against them; and section 4536 provides that, if a defendant dies after judgment and before satisfaction thereof, his personal representatives may be made parties in the same manner as is prescribed for reviving actions before judgment. *Held,* that under these sections, where one of several joint defendants has died after judgment, the judgment may be revived against his personal representative without joining the other defendants, for section 1101 provides that in all cases of joint obligations suit may be brought against any one or more of those liable.

2. LIMITATION OF ACTIONS—TEMPUS NON OCCURRIT REGI.
   Where the United States has recovered judgment against several defendants, its right to revive the judgment against the executor of one of them, since deceased, is not affected by Gen. St. Kan. § 2890, providing that actions against executors and administrators shall be commenced within three years from the time of notice of appointment and giving bond, and that otherwise the claim shall be forever barred.

At Law. *Scire facias* by the United States against Mrs. J. F. Streeter, as executrix of James Streeter, deceased.

*J. W. Ady,* U. S. Dist. Atty.

*J. W. McClure,* for defendant.

PHILIPS, J. This is a proceeding to revive a judgment against Mrs. J. F. Streeter, executrix of James Streeter, deceased. It appears from the petition that on the 13th day of October, 1880, the United States, to its own use, recovered judgment in this court on the bond of Samuel D. Houston, James Streeter, and Samuel M. Strickler. Since the rendition of said judgment, to-wit, the 16th day of July, 1886, said James Streeter died, testate, in the state of Kansas, and his will was admitted to probate on the 29th day of July, 1886. The defendant, Mrs. J. F. Streeter, was made the executrix of said estate. She is a resident of

the first division of the United States district of the state of Kansas. The other defendants in said judgment are now non-residents of the state of Kansas. To this petition for revivor Mrs. J. F. Streeter appears, and moves to quash the motion for various reasons.

It appears that said Houston was a receiver of public moneys of the United States, and that James Streeter and S. M. Strickler were sureties on his official bond; and the judgment in question was rendered against them for breach of the conditions of said bond. The first contention of the defendant is that the United States cannot revive this judgment against one of the defendants thereto without proceeding against all. The common-law rule, it must be conceded, is that, if the judgment sought to be revived was rendered against two or more joint defendants, the *scire facias* must follow the judgment, and all of the defendants, if living, should be made defendants to the writ; and, where one has died, the writ should be against the survivors and the heirs or personal representatives of the deceased. 1 Black, Judgm. par. 491. This results from the idea that the legal effect of a judgment on *scire facias* to revive a judgment, where the judgment remains without process or satisfaction, is to remove the presumption of payment arising from lapse of time, and that it adds nothing to the validity of the judgment, only leaving it as it was when rendered. *Ex parte Pile*, 9 Ark. 337. It has been held, that "this would not be so, however, if one of the defendants was dead, or subsequently discharged by bankruptcy, or a *feme sole* defendant had become covert, and a new party in consequence had been, in a proceeding by *sci. fa.*, introduced upon or taken off the record." *Greer* v. *Bank*, 10 Ark. 457. And in *Hanson* v. *Jacks*, 22 Ala. 549, it is also held that a proceeding to revive the judgment against the representative of the deceased party is the same as an action on the judgment, where the Code of Practice permits a separate action on the judgment against one of the defendants. The statute of Kansas has made radical changes in the old common-law doctrine of contracts and the modes of procedure in civil actions. "All contracts which by the common law are joint only shall be construed to be joint and several." Section 1098, 1 Gen. St. 1889. "And in the case of the death of one or more joint obligors or promisors the joint contract or debt shall survive against the heirs, executors, and administrators of the deceased obligor or promisor, as well as against the survivors." Section 1099. "In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable." Section 1101. And then, by section 1102, it is provided that the release of one of the parties jointly liable shall not discharge the others. By section 4162 it is provided that, if the action be against defendants jointly indebted upon contract, the plaintiff may proceed against the defendant served, unless the court otherwise directs; and, if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far as it may be enforced against the joint property of all, and the separate property of the defendant served; and, if the action be against defendants

severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served, as if they were the only defendants. Following up this same policy of the Code, section 4536 provides that, "if either or both parties die aft judgment and before satisfaction thereof, the representatives, real or personal, or both, as the case may require, may be made parties in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party." The mode of revivor on the death of a defendant pending the action is prescribed by section 4528: "Upon the death of a defendant in an action, wherein the right, or any part thereof, survives against his personal representatives, the revivor shall be against them, and it may also be against the heirs and devisees of the defendant, or both, when the right of action, or any part thereof, survives against them,"—from which it is apparent, to my mind, that the mode of reviving a judgment after the death of one of the defendants under the Code is the same as the process of revivor *pendente lite*, which is simply upon suggestion of the death and motion for revival against the representatives alone of the deceased party. So in *Read* v. *Jeffries*, 16 Kan. 534, it was held that, if the judgment was against two parties, the action could be maintained upon it against either of the judgment debtors. This conclusion is fortified by the succeeding section, 4537: "If a judgment become dormant it may be revived in the same manner as is prescribed for reviving actions before judgment." The plaintiff unquestionably, after the lapse of the period in which execution might run under the local statute on its judgment, could maintain its action at law for a new judgment against either one of the defendants without bringing in the others, and I think the Code contemplates the same right in the proceeding to revive.

The next contention of counsel for defendant is that the right of action to thus proceed for a revivor is barred by the statute of limitation of the state. It is held by the supreme court of the state that an action cannot be maintained on a dormant domestic judgment, or a revival of the same had, when more than three years have elapsed from the death of the judgment creditor and the appointment of an administrator of the estate of the judgment creditor. *Mawhinney* v. *Doane*, 40 Kan. 676, 17 Pac. Rep. 44. And by section 2890, concerning executors and administrators, it is provided that suits against executors and administrators shall be commenced within three years from the time of notice of appointment and giving bond; and that all claims not exhibited for allowance within three years shall be forever barred, etc. Section 2865. The question to be decided is: Do these special statutes of limitation have any application to a demand in favor of the United States? The maxim *nullum tempus occurrit regi* is of universal application, except where by express statute a period of limitation is prescribed. I do not find that the statute of Kansas has made any such prescription respecting actions in favor of the state; and, if it had, such local regulation could

have no application to the rights of the general government. As aptly said by Judge STORY, in *U. S.* v. *Hoar*, 2 Mason, 312:

"It is not to be presumed that a state legislature mean to transcend their constitutional power; and therefore, however general the words may be, they are always restricted to persons and things over which the jurisdiction of the state may be rightfully exercised."

So Mr. Justice GRAY, in *U. S.* v. *Railway Co.*, 118 U. S. 125, 6 Sup. Ct. Rep. 1006, observed:

"It is settled beyond doubt or controversy—upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of officers or agents to whose care they are confided—that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless congress has clearly manifested its intention that they should be so bound."

While a judgment in favor of the United States, rendered in this court, would cease to be a lien on property in the state within the same period prescribed by the statute as to such liens in general, it is by reason of positive enactment by congress. So the modes of proceeding in civil causes in the United States courts are to conform, as near as may be, to those existing at the time in the courts of record of the state. Section 914, Rev. St. U. S. And a party recovering judgment in a common-law cause in any circuit or district court of the United States is entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are provided in like causes by the laws of the state in which the court is held. Section 916, Rev. St. U. S. It does not follow that such forms of procedure and such remedies are to be cut off or denied by lapse of time or by positive legislative enactment of the state, as it respects a cause of action in favor of the United States, or a judgment recovered by it to its own use and benefit. It does not appear from the motion in this case that the administration in question by the executrix has been closed. There is no legal presumption that it has been. Be that as it may, the right of the United States to proceed for the enforcement of this demand against the estate to reach assets that have come into the hands of the executrix, if undistributed, or to reach property which has gone by devise or descent to the heirs, is in no wise affected. *Payne* v. *Hook*, 7 Wall. 425. What course, for the collection of this debt, the United States attorney may take after the revivor, is not before the court. Section 3466, Rev. St. U. S., provides, *inter alia*, that whenever the estate of any deceased debtor of the United States in the hands of executors or administrators is insufficient to pay all the debts due from the deceased, the debt due the United States shall be first satisfied. Section 3467 provides that every executor or administrator who pays any debt due by the estate for which he acts before he satisfies and pays the debts due to the United States from such estate shall become answerable in his own person and estate for the payment of the debt so due to the United States. And the succeeding section provides that where any surety on a bond given to the United States

pays to the United States the money due upon such bond, such surety, his executor or administrator, shall have the same priority of right against the principal debtor which the United States would have had. Debts due the United States are the sources of revenue needful for the maintenance and successful operation of the government. Every essential right of procedure, remedy, and preference is accorded to it upon the highest considerations of public policy. The motion is sustained, and the order of revivor is directed.