UNITED STATES of America,
Plaintiff,

v.

Wilson JENKINS, Defendant.

Civ. No. 822.

United States District Court
S. D. Georgia, Savannah Division.

May 2, 1956.

William C. Calhoun, U. S. Atty., Augusta, Ga., and Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., for plaintiff.

John J. Bouhan and Samuel A. Cann (of Bouhan, Lawrence, Williams & Levy), Savannah, Ga., for defendant.

SCARLETT, District Judge.

A motion for summary judgment by plaintiff in the above-styled case has been considered by the Court after oral arguments by both parties and after consideration of briefs submitted by both parties on the points in question.

It appears that the captioned action was brought by the plaintiff on September 7, 1955, to revive a dormant judgment against the defendant, who was sentenced in this court on November 18, 1932, for violations of the National Prohibition Act, 27 U.S.C.A. The defendant at that time was duly sentenced to

serve a term of two years in the United States Penitentiary and pay a fine of $10,000, the defendant to stand committed until said fine was paid or until otherwise discharged by law.

The defendant served his minimum sentence under law, plus some forty-two days, inasmuch as the $10,000 fine was not paid. The defendant certified that he was a pauper and was unable to pay said fine and after serving the statutory thirty days in addition to the sentence applied for discharge under the provisions of Section 1042, Revised Statutes of the United States.[1] Based on the forma pauperis petition the defendant was released from the custody of the Attorney General.

Execution was subsequently issued on said fine judgment and was recorded on the General Execution Docket in the office of the Clerk of the Superior Court of Chatham County, Georgia, on June 11, 1937. The judgment referred to has lain dormant since June 11, 1944.

The defendant filed a timely motion to dismiss the Government's action to revive the judgment based on the above fine alleging that the action is barred by the provisions of Title 28, of the United States Code Annotated, Fed.Rules Civ. Proc. rule 69, which states in part:

"The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

The defendant in his motion pointed out that Georgia Code, § 110–1002, requires that a dormant judgment be sued on within three years of the time it becomes dormant, and, therefore, alleged that the Government's action was barred.

The defendant after filing his original motion to dismiss filed an amended motion to dismiss by leave of the Court which re-stated the grounds in the original motion and raised the additional point that the defendant served forty-five days according to defendant's affidavit attached to the amendment in addition to his two years sentence in lieu of the fine of $10,000, and that he has, therefore, satisfied whatever fine was due by his confinement to the penitentiary for forty-five days.

After the defendant filed his amended motion to dismiss the defendant filed a document entitled "Supplementary Brief of Defendant", which was accepted as an additional amendment to the defendant's motion to dismiss in so far as it raised for the first time the point that the Scire Facias suit by plaintiff to revive the dormant judgment in question cannot now be obtained since the Prohibition Act ceased to be in effect by virtue of the ratification of the 21st Amendment prior to the filing of the suit to revive a dormant judgment based on a criminal fine imposed for violating the Act.

The Court on January 9, 1956, denied the defendant's motion to dismiss, as amended and supplemented, after due consideration of briefs filed by both parties, and accordingly an order was entered on January 10, 1956, determining each and every point raised by the defendant.

On January 18, 1956, a timely answer was filed by defendant admitting that the defendant was fined $10,000 as alleged in the plaintiff's suit and that the fine has not been paid. However, the defendant denies liability at this time and by way of affirmative defense re-states the same grounds raised in his prior motion to dismiss, as amended and supplemented, and separately listed as affirmative defenses two of the arguments previously employed in his briefs to support the motion to dismiss; namely, that a scire facias

---

1. Now 18 U.S.C.A. § 3569.

proceeding is a supplementary action, and not an original action, on the judgment barred by State law and as such is precluded by State law, and that irrespective of whether the Government may still revive the judgment by scire facias on the judgment, it still will be without any method of enforcement of a judgment rendered thereon because by Rule 69(a), 28 U.S.C.A., the issuance of any execution thereon would necessarily have to be in conformity with the State law which makes no provision for such a situation.

The plaintiff on January 25, 1956, moved this Court for a summary judgment after filing proper notice in accordance with provisions of Rule 56 of the Federal Rules of Civil Procedure on the ground that the pleadings and rulings of this Court, which were attached as exhibits, show that the defendant has admitted the facts upon which the plaintiff's suit is based and that each and every defense pleaded in defendant's answer had been denied by this Court in ruling upon defendant's motion to dismiss. Thereafter the defendant filed an objection to plaintiff taking summary judgment re-stating once again the defenses previously raised in his answer. The defendant then amended his objection to plaintiff taking summary judgment by raising a constitutional question on the point previously raised by him that the fine is not collectible because he served forty-five days in addition to his two years sentence by stating that since no allowance was made for the fifteen days he was imprisoned over the thirty days as required by law, a judgment for the fine at this time would be an excessive fine in violation of the Eighth Amendment of the United States Constitution, and that such a judgment would deprive him of his property without due process of law in contravention of the Fifth Amendment of the United States Constitution and in contravention of the Fourteenth Amendment of the United States Constitution, in that the judgment would have to be enforced by execution through the State court and this amend-ment would prohibit action in the State court on such a judgment since it provides that no State shall enforce any law which shall abridge the privileges or immunities of the citizens of the United States, nor shall any State deprive any person of his property without due process of law.

Thereafter, the plaintiff by leave of Court and pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, supplemented its motion for summary judgment by filing an affidavit executed by the present warden of the institution where the defendant was confined affirming that the minimum expiration date of the defendant's sentence was January 31, 1935 and that on March 2, 1935, the defendant would have served a total of 30 days for non-payment of fine as required by law. The affidavit further states that the United States Commissioner directed that the defendant be discharged from further imprisonment on the 12th day of March 1935, and that the defendant was discharged on March 14, 1935, after transportation had been secured. The affidavit was supported by a photostat of a verified notice to the United States Commissioner for the district that the defendant would make application for discharge on March 3, 1935 under Section 1042, Revised Statutes of the United States, and a photostat of a Certificate of Discharge of Poor Convict dated March 12, 1935, ordering the defendant to be discharged on March 12, 1935.

The defendant by leave of court then amended all of his pleadings to acknowledge that he was released from imprisonment in March 1935 after serving 42 days subsequent to the minimum expiration date of his two year sentence.

### Conclusions of Law

This Court is of the opinion that the plaintiff's motion for summary judgment should be sustained for the reasons stated in the opinion rendered in the order denying defendant's motion to dismiss which shall be reiterated herein and for the reason that the defendant's

latest approach to the points previously raised does not alter the Court's opinion that they are without merit as will be shown in the conclusions of law herein.

■ In regard to the allegation that the instant action is barred by the provisions of Title 110, Section 1002 of the Georgia Code, it is well settled that a statute of limitations does not run against the Government unless such a statute has been specifically enacted by Congress to bar suit by the Government in a particular type case. See Guaranty Trust Co. v. United States, 1938, 304 U.S. 126, 132–135, 58 S.Ct. 785, 82 L.Ed. 1224; United States v. Mack, 1935, 295 U.S. 480, 489, 55 S.Ct. 813, 79 L.Ed. 1559; Grand Truck Western Railway Co. v. United States, 1920, 252 U.S. 112, 121, 40 S.Ct. 309, 64 L.Ed. 484; Davis v. Corona Coal Co., 1924, 265 U.S. 219, 222, 44 S.Ct. 552, 68 L.Ed. 987; Chesapeake & Delaware Canal Co. v. United States, 1919, 250 U.S. 123, 125, 39 S.Ct. 407, 63 L.Ed. 889; Societe Suisse, etc. v. Cummings, 69 App.D.C. 154, 99 F.2d 387, 395; United States v. Nashville, C. & St. L. Railway Co., 1886, 118 U.S. 120, 125, 6 S.Ct. 1006, 30 L.Ed. 81. That very question which is at issue in the instant case was decided in the case of United States v. Houston, D.C., 48 F. 207–210. The Court in discussing this point ruled that a State statute requiring that actions against executors and administrators shall be commenced within three years from the time of notice of appointment and giving bond, otherwise, the claim shall be forever barred does not affect the right of the United States to revive a judgment against the executor, citing the case of United States v. Nashville, C. & St. L. Railway Co., supra [118 U.S. 120, 6 S.Ct. 1008], where the Court held:

"* * * the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations unless congress has clearly manifested its intention that they should be so bound."

This principle was followed by the Fifth Circuit Court of Appeals in the decision rendered in the case of United States v. Noojin, D.C., 155 F. 377.

■■ It is also well settled that the United States is not bound by State statutes of limitation or subject to the defense of laches in the enforcement of its rights. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283. The State statute that the defendant attempts to invoke does not bar substantive action by the United States.

The Supreme Court of the United States in Pierce v. United States, 255 U.S. 398, 41 S.Ct. 365, 366, 65 L.Ed. 697 held that:

"* * * judgment for penalties 'may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced.' The statute applies to all judgments for penalties, whether recovered by civil or criminal proceedings."

The Supreme Court in the case of Custer v. McCutcheon, 283 U.S. 514–519, 51 S.Ct. 530, 532, 75 L.Ed. 1239 held that:

"The plaintiff is not precluded from bringing an action upon the judgment, but merely from having an execution (on the old judgment) in the form provided by state law." (Parenthetical insertion added.)

Thus, the question has been conclusively settled by the Supreme Court concerning whether the United States may bring an action upon a dormant judgment inconsistent with the limitations of State statute. The defendant argues that the Court should not consider the McCutcheon case as well as the other cases cited by the Government and relied upon by this Court in reaching this decision, inasmuch as "There were insufficient facts given in the report of the cases to disclose whether the execution on the judgment had been entered on the State Execution Docket so as to subject the same to State law pertaining to dead judgments". This conclusion on the

part of the defendant as to when the Federal Government becomes subject to the State law is clearly erroneous. The Georgia law as set out in Georgia Code, § 110–1001 states that a judgment becomes dormant seven years after rendition of judgment, not seven years after filing of the execution. Therefore, even if the execution was not filed in the instant case, or in any other case, State or Federal, the judgment in Georgia would become dormant within seven years after its rendition. In any event, Georgia law governing the procedure of filing of execution certainly does not control the procedure in the States wherein the cited cases were decided. The salient point is that it has been decided that the United States retains its right of action in those States even where there are statutes in those States barring action on dormant judgments or limitations on a right of action. In the McCutcheon case obviously there was an attempt to record an execution on a dormant judgment and State law prohibited the procedure after the judgment had become dormant, however, as stated, the remedy, as in the instant case, was to revive the old judgment. The Federal Government is controlled by State statute governing the procedure for filing and acting upon executions whether the procedure is actually followed or not. That is to say, State law determines when a Federal judgment becomes dormant but not the substantive right of revival. The fact that the Scire Facias proceeding is a supplementary action does not preclude the revival action here since the action on the dormant judgment is substantive, not procedural.

This premise has been recognized in all cases involving this particular point. The Court in the case of Smith v. United States, 9 Cir., 143 F.2d 228, certiorari denied, 323 U.S. 727, 65 S.Ct. 65, 89 L. Ed. 585, held:

"The local rule of District Court relating to executions, exemptions, judgment liens and the like, and making state practice applicable thereto, deals only with the adjective law and does not apply to when and under what circumstances a penal judgment may be enforced by the United States."

The Court in deciding the case of Miller v. United States, 9 Cir., 160 F.2d 608, 609, also held:

"Rule 69 of the Federal Rules, supra, makes applicable the California law only as to the remedies of execution and other proceedings 'in aid of a judgment.' We do not regard the cause of action for a new judgment as a proceeding in aid of the prior judgment creating the cause of action. Such a cause of action is a substantive right in the United States, not its procedural remedy."

The McCutcheon and Miller cases, supra, were followed in a recent Federal District Court case entitled Juneau Spruce Corporation v. International Longshoremen's & Warehousemen's Union, D.C., 128 F.Supp. 697–705, decided March 1, 1955, when the Court held as follows:

"A writ of execution is not part of the judgment itself and must be distinguished from it. Accord: National Discount Corp. v. O'Mell, 6 Cir., 1952, 194 F.2d 452; and Federal Housing Administration v. Burr, 1940, 309 U.S. 242, 251, 60 S. Ct. 488, 84 L.Ed. 724. It is a procedural devise issued by a court to assist a successful litigant in obtaining the benefits of the judgment awarded him. Its sole function is related to enforcing the judgment of the court. Provisions prescribing the time limits for execution are not statutes of limitations on the judgment itself, Custer v. McCutcheon, 1931, 283 U.S. 514, 519, 51 S.Ct. 530, 75 L.Ed. 1239; Miller v. United States, 9 Cir., 1947, 160 F.2d 608."

The District Court for the Eastern District of Michigan on January 11, 1955, in the case of United States v. Mid-

dler, 127 F.Supp. 686, also followed the above decisions when it held that:

"Provision of United States statute that laws of state, except where Constitution or acts of congress otherwise provide, shall be regarded as rules of decision in civil actions in United States courts, in cases where they apply, does not bind United States, suing in one of its own courts, to a state statute of limitations, whether named in such statute or not. 28 U.S.C.A. § 1652."

■■ The defendant then maintains that "irrespective of whether the Government may still revive the judgment by scire facias on the judgment, it still will be without any method of enforcement of a judgment rendered thereon because by Rule 69(a), 28 U.S.C.A., the issuance of any execution thereon would necessarily have to be in conformity with the State law which makes no provision for such a situation". The answer to this conclusion is obvious. The United States at the time it obtains judgment on a scire facias suit will simply record its judgment lien by filing execution with the Clerk of this Court and with the County Clerk. The scire facias judgment, although based on an action in continuation of the original judgment, is a new judgment and may be recorded as any other civil judgment. See Miller v. United States, supra. In any event, even should there not be a State remedy for filing an execution on the judgment obtained, and there is one here, the United States would not be precluded from bringing a substantive action and obtaining a judgment thereon.

■ In regard to defendant's contention that he served forty-two days instead of thirty days before being released for inability to pay the $10,000, and to impose a fine in addition to the alleged extra time served will constitute double punishment, Title 18, Section 3569, merely provides a method by which an indigent prisoner may be released for failure to pay a fine imposed upon him after he has served at least thirty days in addition to his original sentence. The section provides that when a poor convict has been confined in prison for thirty days solely for the non-payment of said fine then an application to the nearest United States Commissioner setting forth his inability to pay such fine will be considered, and if it shall appear to the Commissioner that such convict is unable to pay such fine the convict shall be discharged. In other words, a convict will stand committed after the thirty days either until he pays the fine or makes a pauper's oath before a United States Commissioner. This point has also been well settled. See Wagner v. United States, 9 Cir., 3 F.2d 864, 865, where the court held:

"Where fine is imposed, the court may or may not imprison until the fine is paid; but, if it does imprison, the form of the sentence should be that the defendant be imprisoned until the fine is paid, or until he be otherwise discharged by due process of law."

The Court in the case of Grier v. Kennan, 8 Cir., 64 F.2d 605 held:

"Where separate fine was imposed under both counts of indictment and prisoner committed to county jail until payment of fine, prisoner, after imprisonment for 30 days, held entitled to discharge on satisfactory proof of inability to pay fine."

The Smith case, cited, supra, also ruled on this very question by holding:

"The statute providing for oath of a poor convict and the serving of additional 30 days by one unable to pay fine imposed merely provides a method whereby an indigent convict may avoid further imprisonment upon a judgment committing him until fine imposed is paid, and does not affect the liability to pay such fine."

Therefore, to require the defendant here to pay the $10,000 fine would not constitute double punishment. Since the defendant remained incarcerated for a

period of twelve days in addition to the minimum thirty days period that he must stand committed in the event that he is a pauper, this Court must assume, there being no evidence to the contrary, that the United States Commissioner did his duty by releasing the defendant from custody in accordance with the provisions of law and that the elapse of the twelve days in question was necessary and proper. The defendant could not apply for discharge until after he served the thirty days and he could not be discharged until after a hearing before a United States Commissioner. Therefore, it would, of course, be necessary for the Commissioner to assign a hearing date after the expiration of the said thirty days. The procedure itself would necessitate making the release date subsequent to the minimum period that must be served for failure to pay the fine. However, should the defendant have a cause of action that he may be permitted to pursue against the Government, his relief would not lie in this action but in an original action against the Government.

The United States Constitution, Article 2, Section 2, provides that only the President may compromise a criminal judgment by granting reprieves and pardons for offenses against the United States. This subject is fully developed in 19 Opinions of the Attorney General, 344. Reference is also made to Title 18, United States Code Annotated, Federal Rules of Criminal Procedure, Rule 35, which prohibits the Court from reducing a sentence after sixty days from the date of imposition of said sentence. The fine imposed has not been paid, hence the defendant has not fully satisfied the obligation that he owes society.

Concerning the defendant's allegation that the plaintiff's Scire Facias suit cannot now be obtained since the Prohibition Act has since been rendered inoperative, the judgment sought by the plaintiff is a civil proceeding supplementary to and in aid of the original fine judgment which was constitutionally imposed and is not a criminal proceeding to impose a new sentence or a criminal proceeding sought to change the original sentence. In Collin County National Bank of McKinney, Texas v. Hughes, 8 Cir., 152 F. 414–415, the Court held that:

"A proceeding by scire facias to revive a personal judgment is a mere continuance of the suit in which the judgment was rendered. It is a supplementary remedy to aid in the recovery of the debt evidenced by the judgment. It is not an original or an independent suit or proceeding."

The Scire Facias proceeding here is a proper civil proceeding to revive a final judgment validly imposed.

Inasmuch as it has been determined that the suit by the Government to revive the dormant judgment is permitted under law and the incarceration of the defendant after the expiration of two years was pursuant to the sentence imposed and law, there is no valid basis upon which the defendant can invoke the Eighth, Fifth, and Fourteenth Amendments of the Constitution relating to excessive fines and due process, nor will the State be prohibited from recording an execution on the new judgment.

Order on Motion and Judgment

Wherefore, it is ordered, adjudged and decreed that the motion for summary judgment by the plaintiff be, and the same is, hereby sustained, that the judgment rendered against the defendant in this Court on November 18, 1932, in Criminal Action No. 5865 be, and the same is, hereby revived, and that judgment be entered in favor of plaintiff in the amount of $10,000 together with cost of the action to revive.