## SMITH v. UNITED STATES.

No. 10523.

Circuit Court of Appeals, Ninth Circuit.

May 29, 1944.

Charles P. Moriarty, Stanley J. Padden, Melvin T. Swanson, and Padden & Moriarty, all of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and G. D. Hile and G. A. B. Dovell, Asst. U. S. Attys., all of Seattle, Wash., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and FEE, District Judge.

HEALY, Circuit Judge.

On April 22, 1924, appellant was convicted in the United States District Court for the Southern District of California upon an indictment charging conspiracy to violate and the violation of § 593 of the Tariff Act of 1922, 42 Stat. 982. He was thereupon sentenced to be imprisoned for the term of two years and to pay a fine to the United States in the sum of $10,-000. The judgment directed that he stand committed until such fine be paid. He served the term of imprisonment imposed. Being without funds with which to pay

the fine he then executed the oath of a poor convict, served the requisite additional thirty days, and was discharged from the penitentiary upon the termination of the latter period.[1] Thereafter an execution was issued on the judgment imposing the fine, and the amount of $51.35 was realized thereon. Appellant later became a resident of the state of Washington.

No further sum was paid, no other execution issued, and no further proceedings were had until April 1, 1941, on which date this suit was commenced by the United States in the court below to recover the balance unpaid on the judgment. In response to the complaint appellant pleaded the statutes of limitations of the states of California and Washington. He defended on the further ground that the suit was barred by the provisions of a federal statute, namely, 28 U.S.C.A. § 791, which reads: "No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specifically provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued." The defenses were overruled and judgment given in favor of the United States.

◼ In the absence of a specific act of Congress to the contrary, state statutes of limitation do not bind the sovereign. United States v. Nashville, Etc., R. Co., 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; Schodde v. United States, 9 Cir., 69 F.2d 866. A judgment in a criminal cause imposing a fine may be enforced by execution against the property of the defendant "in like manner as judgments in civil cases are enforced." 18 U.S.C.A. § 569; Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283. We see no reason why the United States may not sue upon such a judgment as upon a money judgment obtained in a civil action. Cf. Custer v. McCutcheon, 283 U.S. 514, 519, 51 S.Ct. 530, 75 L.Ed. 1239. It has always been assumed that there is no time limitation for the enforcement of a judgment, whether of fine or imprisonment, rendered upon conviction for crime. No cases holding the contrary are cited by appellant.

The quoted federal statute on which appellant leans is found in its present form in R.S. § 1047.[2] It appears to have had its genesis in the Act of March 2, 1799, 1 Stat. 627, c. 22, regulating the collection of duties on imports and tonnage. Section 89 of this Act provided in what manner "penalties, accruing by any breach" of the act should be sued for. This section concluded with a proviso to the effect that "no action or prosecution shall be maintained in any case under this act, unless the same shall have been commenced within three years next after the penalty or forfeiture was incurred."

It is clear from the text of the 1799 Act that the phraseology relating to the "accrual" or "incurring" of the penalty or forfeiture has reference only to the commission of the act or offense by which the penalty or forfeiture was incurred. Similar verbiage is found in other limitation statutes of the period. Thus in the Act of April 30, 1790, 1 Stat. 112, 119, c. 9, it is provided that no person shall be prosecuted for any offense, not capital, "nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offence, or incurring the fine or forfeiture aforesaid." § 32.

◼ The same significance must, we think, be assigned to the verbiage of the existing statute, that is to say, the phrase "time when the penalty or forfeiture accrued" has reference merely to the time of the commission of the offense or the doing of the act by which the penalty or forfeiture was incurred. The statute imposes a familiar time limit within which prosecutions must be commenced by indictment, information, or suit. It imposes no time limit upon the enforcement of a penal judgment. Thus we have a situation where Congress, the only body possessing authority in the premises, has not seen fit to limit the time within which penal judgments for money may be collected or enforced by suit.

◼◼ Reference is made in the briefs to a local rule of the District Court relating to executions, exemptions, judgment liens, and the like, and making state practice applicable thereto. Obviously the rule is of no relevancy here, as it deals only with adjective law. Nor is there merit in the suggestion that appellant has satisfied the judgment by taking a pauper's affidavit and serving an additional thirty days. The

---

[1] 18 U.S.C.A. § 641.

[2] 28 U.S.C.A. § 791.

statute on the subject (cited in note 1 above) merely provides a method whereby an indigent convict may avoid further imprisonment under a judgment committing him until the fine imposed is paid. The obligation to pay the fine is not thereby affected. United States v. Pratt, D.C., 23 F.2d 333.

Affirmed.