## MILLER v. UNITED STATES.
### No. 11366.

Circuit Court of Appeals, Ninth Circuit.
April 3, 1947.

Arthur V. Kaufman, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ronald Walker, Asst. U. S. Atty., and Clarke E. Stephens, Asst. U. S. Atty., all of Los Angeles, Cal., and James E. Palmer, Jr., Sp. Asst. to the Atty. Gen., for appellee.

Before DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment on the pleadings in a cause of action based upon a prior judgment entered in 1933, for the amount of a fine, a part of a criminal sentence on conviction of a federal offense in the United States District Court for the Southern District of California.

Appellant does not question that such judgment for a fine is a cause of action for the recovery of a second judgment. Smith v. United States, 9 Cir., 143 F.2d 228, certiorari denied 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585. His sole contention is that the denial of a prior petition in 1945 in the criminal case for execution upon the sentence of 1933 is res judicata that the sentence is not even a dormant judgment and, in effect that the amount of the fine is no longer due and owing the government.

This petition for the writ of execution on the fine was brought under the California law pursuant to Rule 69 of the Federal

Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides

"Rule 69. Execution

"(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. * * *"

Under the California Code of Civil Procedure, Section 681, execution on such a judgment cannot issue after five years from its entry, plus the time during which the execution is stayed, except by a proceeding under the first paragraph of Section 685. The latter section reads

"In all cases the judgment may be enforced or carried into execution after the lapse of five years from date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.

"Judgment in all cases may also be enforced or carried into execution after the lapse of five years from the date of its entry, by judgment for that purpose founded upon supplemental proceedings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act."

In the California cases of Saunders v. Simms, 183 Cal. 167, 190 P. 806, and Bredfield v. Hammon, 151 Cal. 497, 91 P. 334, it is stated that the proceeding to obtain an execution under the first paragraph of Section 685 above is not an action or a special proceeding of a civil nature, but is merely a subsequent step in an action already commenced.

The petition in the criminal suit for an execution under the first paragraph of Section 685 was denied, the court refusing to exercise the discretion given to issue the writ because of the laches of the United States for thirteen years in seeking it.

Appellant claims that the instant suit based upon the cause of action upon the 1933 sentence was necessarily brought under the second paragraph of Section 685. He then argues that under the California law the two provisions of that section are mutually exclusive and that if one be unsuccessfully pursued the other is not available.

It is not necessary for us to decide this question of the California law. The instant complaint was not and does not claim to be brought under Section 685. Rule 69 of the Federal Rules, supra, makes applicable the California law only as to the remedies of execution and other proceedings "in aid of a judgment." We do not regard the cause of action for a new judgment as a proceeding in aid of the prior judgment creating the cause of action. Such a cause of action is a substantive right in the United States, not its procedural remedy.

Hence the denial of the petition for execution authorized by Rule 69, supra, is not an adjudication that the first judgment is permanently dormant for all purposes. As the cause of action for a second judgment, it could not become dormant to the United States, the judgment creditor, since the first paragraph of Section 685 is not a statute of limitations on that judgment and none has been enacted by Congress. As is stated in Custer v. McCutcheon, 283 U.S. 514, 519, 51 S.Ct. 530, 532, 75 L.Ed. 1239.

"The time limited for issuing executions is, strictly speaking, not a statute of limitations. On the contrary, the privilege of issuing an execution is merely to be exercised within a specified time, as are other procedural steps in the course of a litigation after it is instituted. The plaintiff is not precluded from bringing an action upon the judgment, but merely from having an execution in the form provided by state law."

The judgment is affirmed.