**UNITED STATES of America, Plaintiff,**

v.

**David MIDDLER, Defendant.**

**No. 13542.**

United States District Court, E. D. Michigan, Southern Division.

Jan. 11, 1955.

Fred W. Kaess, U. S. Atty., Detroit, Mich., for plaintiff.

Milton R. Henry, Pontiac, Mich., for defendant.

PICARD, District Judge.

### Findings of Fact

On April 14, 1943, defendant was convicted of violation of Section 11, Selective Training and Service Act of 1940, 54 Stat. 885,[1] sentenced to two years and ordered to pay a fine of $10,000. He duly served his term of imprisonment, took a pauper's oath on March 17, 1945 with respect to his fine and was released.

More than eleven years after the fine was assessed, to wit, June 25, 1954, after receiving a letter or two from the District Attorney's office, a short time previous thereto, this suit was started to collect on the judgment entered March 18, 1943, using that judgment as the basis of this cause of action. Plaintiff seeks summary judgment under subsections (a) and (c), Rule 56 of the Federal Rules of Procedure, 28 U.S.C.

Defendant pleads prescription, citing Section 1652 and 2462, Title 28 U.S.C.; Section 3565, Title 18 of the Code and the Statute of Limitations of the State of Michigan, M.S.A. § 27.605 and C.L. 1948, § 609.13.

There is no contest on the facts.

### Conclusions of Law
### As to Section 2462

Section 2462 Title 28 of the Code provides:

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

At first blush this law would appear to be directly in line with defendant's contention but it has been held in Smith v. United States, 9 Cir., 143 F.2d 228, 229, certiorari denied 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585, that Congress by this section only had in mind the initial proceeding for the collection of such penalty or fine.

Here we have a judgment, which is in truth a debt, and since the quoted statute does not enforce the time limitation upon a judgment of this kind unless there is some other reason, the five year time limit does not apply. As stated in Smith v. United States, supra,

"where Congress, the only body possessing authority in the premises, has not seen fit to limit the time within which penal judgments for money may be collected or enforced by suit"

there is no time limit upon the enforcement of that judgment. The Smith case is particularly valuable to plaintiff in that it traces the reason for the statute from its genesis and has since found endorsement in United States v. Summerlin, 310 U.S. 414, at page 416, 60 S.Ct. 1019, 84 L.Ed. 1283, which holds that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcement of its rights, citing several cases. Schodde v. United States, 9 Cir., 69 F.2d 866, 870; Miller v. United States, 9 Cir., 160 F.2d 608.

1. Now 50 U.S.C.A.Appendix, § 462.

### As to Sections 1652 and 3565

The second part of defendant's contention relates to Section 1652, Title 28 of the Code and Section 3565, Title 18 of the Code. In Section 1652 Congress said:

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

This section became law as part of the original Judiciary Act of 1789 and defendant construes it to mean that the statute of limitations of the state in which a federal district court sits shall be regarded as a rule of decision barring untimely action brought even by the sovereign power itself. But, unfortunately, for defendant, many decisions since the law's enactment in 1789 have construed the rules of decision act contrary to defendant's contention.

"The United States, whether named in a State statute of limitations or not, is not bound thereby; and when it sues in one of its own courts, such a statute is not within the provisions of the Judiciary Act of 1789, which declare that the laws of the States, in trials at common law, shall be regarded as rules of decision in the courts of the United States in cases where they apply." United States v. Thompson, 98 U. S. 486, 25 L.Ed. 194 (Syllabus).

See United States v. Summerlin, supra; Smith v. United States, supra; Person v. United States, 8 Cir., 112 F.2d 1, certiorari denied 311 U.S. 672, 61 S.Ct. 35, 85 L.Ed. 432; United States v. First National Bank of Prague, Okl., 10 Cir., 124 F.2d 484; United States v. Miller, 8 Cir., 28 F.2d 846, 61 A.L.R. 405; Niagara Falls Power Co. v. Federal Power Commission, 2 Cir., 137 F.2d 787, certiorari denied 320 U.S. 792, 64 S.Ct. 206, 88 L.Ed. 477; Jacksonville Paper Co. v. Tobin, 5 Cir., 206 F.2d 333.

Section 3565, Title 18 of the Code reads that:

"In all criminal cases in which judgment * * * is rendered, imposing the payment of a fine or penalty, * * * such judgment, so far as the fine or penalty is concerned, may be enforced by execution against the property of the defendant in like manner as judgments in civil cases."

Defendant attempts to give an extended and unwarranted meaning to Section 3565 but the court in Clark v. Allen, D.C., 114 F. 374, 376, said:

"* * * this section means nothing more than that the government in enforcing judgments for fines and penalties is not restricted to mere imprisonment of the defendant; that it may proceed also by execution against the defendant's property, as in civil cases. It would seem, therefore, that congress has not seen fit to provide any greater rights for the federal government when collecting fines imposed in criminal cases by execution than are given individuals in the collection of private debts."

That section had nothing to do with the issue in question here. It does not refer to suits upon judgments and does not justify the many claims made for it by defendant in his brief. It in no way holds that the statute of limitations of the several states shall apply to the United States in enforcement of penal judgments.

As was said by the court in Niagara Falls Power Co. v. Federal Power Commission, supra [137 F.2d 791],

"No prescription could in law run against the nation; we must not impute to Congress any willingness to grant prescription as a favor."

While the law of the State of Michigan would bar suit on this judgment more than 10 years after it was rendered, the United States cannot in exercise of powers delegated by the Constitution, be hampered, impeded, or de-

feated by state legislation. United States v. Miller, supra, and other cases cited. Therefore the Michigan statute of limitations above referred to does not attempt to do what defendant claims. The statute cannot and does not apply to the United States.

Numerous cases have been cited by defendant to sustain his position but they do not apply and they are not recent decisions. In fact, while defendant at great length claims to depend upon Section 2462, Title 28 of the Code, which would outlaw this action within five years from the date when claim first accrued, he precedes his main argument by a statement that plaintiff could not use a judgment as a basis of the present action because the judgment was received more than 10 years before action was started for its collection. If defendant's argument has any weight at all—and we hold that it does not—it must be directed entirely to the 10-year statute of limitations and not the 5-year.

For the reasons stated plaintiff's motion for a summary judgment is granted.