**Wilson JENKINS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16131.

United States Court of Appeals Fifth Circuit.

Nov. 2, 1956.

Samuel Adams Cann, Bouhan, Lawrence, Williams & Levy, Savannah, Ga., for appellant.

Wm. C. Calhoun, U. S. Atty., Augusta, Ga., Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

PER CURIAM.

Alleging: an indebtedness to the United States in the sum of $10,000 evidenced by a judgment entered in the United States District Court for the Southern District of Georgia, imposing a fine of $10,000; that the judgment was dormant; and that no part of the sum due under it had been paid; plaintiff sued to revive the judgment and to recover the $10,000.

The defendant admitted the entry of the judgment against him as pleaded by plaintiff, and that he had not paid it. He, however, denied liability, putting forward five grounds: (1) that the revival of the judgment was now barred; (2) that recovery upon it is precluded by State law; (3) that he had discharged the judgment by serving fifteen days in the penitentiary over and above the thirty days service required by law of indigent persons; (4) that, even if the plaintiff could obtain judgment, it could not, under controlling State law obtain execution thereon; and (5) that the adoption of the Twenty-first Amendment has deprived the National Prohibition Act, 27 U.S.C.A. § 1 et seq., for violation of which the fine was imposed and judgment entered, of authority and force, and there is no power in the courts to revive the old judgment or enter a new judgment based thereon.

On the issues thus joined, plaintiff moved for a summary judgment, and the district judge, in an opinion [1] making full findings of fact and conclusions of law, found for plaintiff, and entered judgment in its favor for $10,000 and costs.

Appealing from the judgment, the defendant, making the same contentions he made below, urges upon us that the findings and conclusions were wrong and the judgment must be reversed.

We cannot agree. On the contrary, we are of the clear opinion that, for the reasons advanced and upon the authorities cited by the district judge, to which may be added 7 Moore's Federal Practice, Sec. 69.04, pages 2412 to 2420, the judgment was right and must be

Affirmed.

---

1. United States v. Jenkins, D.C., 141 F. Supp. 499.