Charles VITAGLIANO, Appellant,

v.

UNITED STATES of America, and Richard Blumenthal, United States Attorney for the District of Connecticut, Appellees.

No. 594, Docket 78–6168.

United States Court of Appeals, Second Circuit.

Argued Feb. 22, 1979.

Decided June 27, 1979.

Blair Levin, New Haven, Conn., Yale Law School (Judith Resnick, Dennis E. Curtis, Stephen Wizner, Alice Bussiere, and Mary F. Keller, New Haven, Conn., of counsel), for appellant.

Hugh W. Cuthbertson, New Haven, Conn., Asst. U.S. Atty. (Richard Blumenthal, U.S. Atty. for the District of Connecticut, New Haven, Conn., of counsel), for appellees.

Before FEINBERG, OAKES, and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

In February 1968, following his plea of guilty to bank larceny, appellant was sentenced in the United States District Court for the District of Connecticut to a one-year term of imprisonment and a committed fine of $1,000. At the time of appellant's scheduled released from his one-year sentence, he was unable to pay his fine, and his confinement was continued. After thirty days of additional confinement, appellant secured his release pursuant to 18 U.S.C. § 3569, which provides in substance that a prisoner who is confined solely because of his failure to pay an imposed fine may secure his release after 30 days by a showing of indigency.

In *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the Supreme Court found a denial of equal protection in state statutes permitting the imprisonment of indigent defendants because of their inability to pay fines. Appellant asserts that *Williams* and *Tate* mandate a holding that sec-

tion 3569, insofar as it permits imprisonment of indigents for up to 30 days, is unconstitutional. *See United States v. Estrada de Castillo*, 549 F.2d 583, 584 (9th Cir. 1976). Upon that premise, he has constructed an argument that his 30-day confinement in 1969 was unlawful and that therefore he should be discharged from liability for payment of the $1,000 fine. He contends that the Government, by requiring payment of the fine, is violating his double jeopardy rights by punishing him twice for the same offense. His suit seeking money damages for the incarceration and declaratory and injunctive relief against the collection of the fine was dismissed by the district court. Appellant seeks review of only that part of the judgment denying him declaratory and injunctive relief. We affirm.

Appellant's argument proceeds upon a basic misunderstanding of the relationship between the fine and the commitment following upon its nonpayment. Appellant's fine did not represent compensation or damages owing to the Government; it was in punishment for appellant's wrongdoing. *See Crooker v. United States*, 325 F.2d 318, 321 (8th Cir. 1963). Appellant's commitment, on the other hand, was not part of the penalty for his offense, but was designed to compel obedience to the court's judgment imposing that penalty. *Williams v. Illinois, supra*, 399 U.S. at 240, 90 S.Ct. 2018; *United States v. Ridgewood Garment Co.*, 44 F.Supp. 435, 436 (E.D.N.Y.1942); *People v. Saffore*, 18 N.Y.2d 101, 103, 271 N.Y.S.2d 972, 218 N.E.2d 686 (1966).

Imprisonment for the period of commitment does not satisfy a defendant's indebtedness for the fine imposed upon him. *United States v. Estrada de Castillo, supra*, 549 F.2d at 586 (Hufstedler, J., concurring specially); *Castle v. United States*, 399 F.2d 642, 644 n. 3 (5th Cir. 1968); *Smith v. United States*, 143 F.2d 228, 229–30 (9th Cir. 1944).[1] Neither does a defendant's dis-

---

1. Statutes in several states permit fines to be worked off by crediting the defendant with a specified amount for each day of imprisonment.

*See Williams v. Illinois, supra*, 399 U.S. at 246, 90 S.Ct. 2018 (appendix to opinion). In the absence of such a statute, there is no reasona-

charge from custody upon taking a pauper's oath. *Grier v. Kennan,* 64 F.2d 605, 606 (8th Cir. 1933); *United States v. Pratt,* 23 F.2d 333, 334 (D.N.H.1927). Where commitment is not intended to be either a substitute for or an alternative to the payment of a fine, the defendant is not being doubly punished if his obligation to pay survives his incarceration. *United States v. Jenkins,* 141 F.Supp. 499, 504–05 (S.D.Ga.), *aff'd,* 238 F.2d 83 (5th Cir. 1956), *appeal dismissed,* 352 U.S. 1029, 77 S.Ct. 595, 1 L.Ed.2d 598 (1957). This being so, we need not reach the question whether appellant's incarceration was made unlawful by the Supreme Court's subsequent decisions in *Williams* and *Tate.* Whether or not appellant's imprisonment was lawful, the penalty represented by the fine remained unpaid. If appellant is entitled to compensation for unlawful imprisonment, a matter on which we express no opinion, his remedy is not the discharge of his fine.

The judgment appealed from is affirmed.

___

ble basis for establishing a uniform rate of credit. *See United States v. Hamdan,* 552 F.2d 276, 281 (9th Cir. 1977) (Wallace, J., dissenting). If, as appellant contends, unlawful commitment must be treated as payment in full of the fine, a defendant who has been fined $30,000 will in effect have received credit at the rate of $1,000 per day while another who has been fined $300 will have received credit at the rate of $10 per day.