UNITED STATES of America, Plaintiff,

v.

**Ed WELBORN, Defendant.**

**No. C–79–45–W.**

United States District Court, M. D. North Carolina, Wilkesboro Division.

Aug. 26, 1980.

---

834

H. M. Michaux, Jr., U. S. Atty. and Benjamin H. White, Jr., Asst. U. S. Atty., Greensboro, N. C., for plaintiff.

John E. Hall and Michael Randy Lyon of McElwee, Hall, McElwee & Cannon, North Wilkesboro, N. C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, District Judge.

This case is before the Court for rulings on the parties' cross–motions for summary judgment, Rule 56, Fed.R.Civ.P., and the plaintiff's motion to dismiss the defendant's counterclaim, Rule 12(b), Fed.R.Civ.P. For the reasons hereinafter stated, the plaintiff's summary judgment motion will be granted, the defendant's motion will be denied, and the counterclaim will be dismissed for lack of subject matter jurisdiction.

The facts are undisputed. In May 1960, the defendant, Ed Welborn, was convicted in a federal court of possessing an unregistered still and illegally carrying on the business of a distiller. *See* 26 U.S.C. § 5601. He was sentenced to three years imprisonment and fined $1,000. The judgment, entered on May 19, 1960, provided that "[t]he defendant is to stand committed until the fine is paid, or until he is otherwise discharged as provided by law." Complaint, Exhibit A (January 17, 1979). Welborn remained in prison for three years, but did not pay the $1,000 fine. Then, under the provisions of 18 U.S.C. § 3569, he served an additional thirty days and thereafter took a pauper's oath, which allowed him to leave prison in August 1963. He has never paid the $1,000 fine. Plaintiff's Motion For Summary Judgment, Exhibit 1, ¶ 3 (August 28, 1979).

The United States brought this action on January 17, 1979, to collect the $1,000. Welborn answered and counterclaimed, asserting denial of equal protection. The counterclaim, which was filed on February 13, 1979, is against the United States alone and asserts damages in excess of $10,000. Answer, p. 2 (February 13, 1979).

■ In support of its summary judgment motion, the United States simply points to the undisputed evidence that it has a valid judgment for $1,000 against Welborn and that Welborn has never satisfied the judgment. Welborn responds that, under 18 U.S.C. § 3565 and Rule 69, Fed.R.Civ.P., the government has consented to, and, in any event, is bound by the North Carolina statute of limitations for preserving judgments. Since the government has admittedly failed to follow North Carolina law, *see* N.C.Gen. Stat. §§ 1–47(1) & 1–306, Welborn argues he is due summary judgment.

Other courts that have decided this type of case have held unanimously that the United States is not bound by any statute of limitations and is entitled to judgment. The leading case is *Smith v. United States*, 143 F.2d 228 (9th Cir.) *cert. denied*, 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585 (1944). There, the defendant was convicted in April 1924 and sentenced to a prison term and $10,000 fine; he failed to pay the fine while imprisoned and served an additional thirty days. The government sued in April 1941 to recover the balance due on the judgment. The defendant asserted state statutes of limitations and a federal statute, now codified at 28 U.S.C. § 2462, which purportedly established a five–year limitations period. The court rejected these defenses and affirmed the trial court's grant of summary judgment for the government. The court noted initially that "[i]n the absence of a specific act of Congress to the contrary, state statutes of limitation do not bind the sovereign. . . . It has always been assumed that there is no time limitation for the enforcement of a judgment, whether of fine or imprisonment, rendered upon conviction for crime." 143 F.2d at 229. The court then held the assertedly limiting federal statute applied only to the "time limit within which prosecutions must be commenced . . . . [It] imposes no time limit upon the enforcement of a penal judgment." 143 F.2d at 229. *See United States v. Memphis Retail Package Stores Ass'n*, 334 F.Supp. 686, 688 (W.D.Tenn.1971) (28 U.S.C. § 2462 not applicable to criminal fines). Finally, the court held that the defendant's obligation to pay the fine was not abrogated by his having served the additional thirty days as required by 18 U.S.C. § 3569. *Accord, Vitagliano v. United States*, 601 F.2d 73 (2d Cir. 1979), *cert. denied*, 444 U.S. 1085, 100 S.Ct. 1043, 62 L.Ed.2d 771 (1980); *Castle v. United States*, 399 F.2d 642, 644 n. 3 (5th Cir. 1968).

The same circuit reached a like result in *Miller v. United States*, 160 F.2d 608 (9th Cir. 1947), where the government sued in 1947 to recover on a criminal fine imposed in 1933. The defendant conceded, and the court found, that under the *Smith* decision, *supra*, a "judgment for a [criminal] fine is a cause of action for the recovery of a second judgment." 160 F.2d at 608. The defendant argued, however, that the government was barred from recovery by Rule 69, Fed. R.Civ.P., which required application of the California limitations period on executions. The court disagreed:

> Rule 69 of the Federal Rules, supra, makes applicable the California law only as to the remedies of execution and other proceedings 'in aid of a judgment.' We do not regard the cause of action for a new judgment as a proceeding in aid of the prior judgment creating the cause of action. Such a cause of action is a substantive right in the United States, not its procedural remedy.

> Here the denial of the petition for execution authorized by Rule 69, supra, is not an adjudication that the first judgment is permanently dormant for all purposes. As the cause of action for a second judgment, it could not become dormant to the United States, the judgment creditor, since the first paragraph of Section 685 [the California law] is not a statute of limitations on that judgment and none has been enacted by Congress.

160 F.2d at 609 (*citing Custer v. McCutcheon*, 283 U.S. 514, 519, 51 S.Ct. 530, 532, 75 L.Ed. 1239, 1242 (1931)).

The decision in *United States v. Jenkins*, 141 F.Supp. 499 (S.D.Ga.), *aff'd*, 238 F.2d 83 (5th Cir. 1956) (*per curiam*), *appeal dismissed*, 352 U.S. 1029, 77 S.Ct. 595, 1 L.Ed.2d 598 (1957), provides a detailed and persuasive discussion of the same issue. In *Jenkins*, the United States sued in 1955 to revive a criminal judgment rendered against the defendant in 1932. The defendant had not paid the fine imposed and had served forty-five additional days pursuant to 18 U.S.C. § 3569. The government had recorded its judgment with a state clerk of court in 1937, but, under state law, the judgment had been dormant since 1944. The defendant asserted the government's claim should be dismissed because Rule 69, Fed.R.Civ.P., required application of the state seven–year limitation period on judg-

ments and because the additional forty–five days imprisonment satisfied the fine imposed. The court granted summary judgment for the United States. It noted the settled rule "that the United States is not bound by State statutes of limitation or subject to the defense of laches in the enforcement of its rights," 141 F.Supp. at 502 (*citing United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283, 1385 (1940)); and it explained that the United States retains its right of action . . . even where there are [state] statutes . . . barring action on dormant judgments or limitations on a right of action. . . . The Federal Government is controlled by State statute governing the procedure for filing and acting upon executions whether the procedure is actually followed or not. That is to say, State law determines when a Federal judgment becomes dormant but not the substantive right of revival. The fact that the Scire Facias proceeding is a supplementary action does not preclude the revival action here since the action on the dormant judgment is substantive, not procedural.

141 F.Supp. 503.[1] *See generally United States v. Baird*, 241 F.2d 170 (2d Cir. 1957). As for the defendant's argument that the extension of his sentence abrogated the fine, the court held, as had the court in *Smith*, that § 3569 had no effect on a criminal defendant's liability for a lawfully imposed fine.

The decision in *United States v. Middler*, 127 F.Supp. 686 (E.D.Mich.1955), is in accord with the cases just discussed. In *Middler*, the defendant was convicted and ordered to pay a fine in 1943. He failed to pay the fine, took the pauper's oath, and was released in 1945. The United States sued to recover the fine in 1954. The court held the government was entitled to summary judgment. The court found the five–year limitation period of 28 U.S.C. § 2462 inapplicable since the statute did not enforce a time limitation on a judgment "which is in truth a debt . . . ." 127 F.Supp. at 687. The defendant had asserted the Rules of Decision Act, 28 U.S.C. § 1652, as a defense, but the court rejected the argument on the ground that the Act did not apply to the United States when it sued in its own courts. Finally, the court rejected the assertion that 18 U.S.C. § 3565 —a provision cited here by Welborn—required obedience to the applicable state limitations period; it found that § 3565 meant nothing more than the government, in enforcing judgments imposing fines, was not restricted to imprisoning the defendant, but could proceed against the defendant's property, as in civil cases. 127 F.Supp. at 688 (*quoting Clark v. Allen*, 114 F. 374, 376 (W.D.Va.1902), *aff'd*, 126 F. 738 (4th Cir. 1903)).

These decisions are well reasoned and persuasive. Welborn has not cited and the Court has not found any opinions rejecting the principle that no limitation period, state or federal, bars the United States from enforcing a judgment on an unpaid criminal fine. *See generally Castle v. United States*, 399 F.2d at 644 n. 3; 7 *Moore's Federal Practice* ¶ 69.04[2] (1972).[2] The Court finds no merit in Welborn's argument that the six–year limitation period of 28 U.S.C. § 2415 is applicable here. That statute does not affect a suit brought on a judgment. *United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir. 1975); *United States v. Johnson*, 454 F.Supp. 762 (D.Idaho 1978). Accordingly, this Court holds that the United States is entitled to summary judgment on its claim against Welborn for $1,000.[3]

---

1. The court also rejected the defendant's argument that, in any event, the government could not execute on a newly obtained judgment. The court believed the United States could properly file and execute on its judgment in both the state and federal systems. 141 F.Supp. at 504.

2. The Court does not believe the dicta statement in *United States v. Taylor*, 321 F.2d 339, 342 (4th Cir. 1963), requires or even suggests a contrary result.

3. The likelihood that 18 U.S.C. § 3569, the provision under which Welborn was imprisoned for an additional 30 days, may be unconstitutional, *United States v. Estrada de Castillo*, 549

　Turning now to Welborn's counterclaim, the Court holds it must be dismissed because the Court of Claims has exclusive jurisdiction over the claim asserted. Welborn contends the United States denied him equal protection of the laws when it imprisoned him for an additional 30 days in 1963 under the provisions of 18 U.S.C. § 3569. He seeks $100,000 in damages. Neither injunctive nor declaratory relief is sought. Only the United States is named as a defendant. This type of suit can be decided only by the Court of Claims. 28 U.S.C. § 1491. A district court does not have subject matter jurisdiction under either the general federal question statute, 28 U.S.C. § 1331, or the Tucker Act, 28 U.S.C. § 1346(a)(2). *Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978). This Court may not exercise its ancillary jurisdiction because Welborn's counterclaim is not compulsory, but merely permissive. Rule 13, Fed.R. Civ.P.; *see Vitagliano v. United States*, 601 F.2d 73 (2d Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 1043, 62 L.Ed.2d 771 (1980). Permissive counterclaims must be supported by independent grounds for federal jurisdiction. *Sue & Sam Manufacturing Co. v. B–L–S Construction Co.*, 538 F.2d 1048, 1051 (4th Cir. 1976); *see* 6 Wright & Miller, *Federal Practice & Procedure* § 1422 (1971) (citing cases).[4]

　Ordinarily, when a case within the exclusive jurisdiction of the Court of Claims is erroneously filed with a district court, the case should not be dismissed but, rather, transferred to the Court of Claims. 28 U.S.C. § 1406(c); *see Cook v. Arentzen*, 582 F.2d at 878. This is not the ordinary case, however. Welborn asserts a claim that is plainly barred by sovereign immunity and whatever statute of limitations would be applicable to a Fifth Amendment claim, *see* 28 U.S.C. § 2401 (6 years). This Court has no doubt that the Court of Claims would

summarily grant the government's motions to dismiss if confronted with the issue. If Welborn wants to force the Court of Claims through that exercise, he is free to do so. This Court will not. Transfer would not "be in the interest of justice," 28 U.S.C. § 1406(c), and would not advance the efficient administration of the federal judicial system.

Now, therefore, IT IS ORDERED that the United States' motion for summary judgment be, and the same hereby is, GRANTED, and that the defendant Welborn's motion for summary judgment be, and the same hereby is, DENIED. IT IS FURTHER ORDERED that the defendant Welborn's counterclaim be, and the same hereby is, DISMISSED without prejudice. A Judgment and an Order of Dismissal will be entered accordingly.

---

F.2d 583, 584 (9th Cir. 1976), in no way affects the United States' right to recover the fine levied against Welborn for his violation of the federal criminal laws. *Vitagliano v. United States*, 601 F.2d 73 (2d Cir. 1979), *cert. denied*, 444 U.S. 1085, 100 S.Ct. 1043, 62 L.Ed.2d 771 (1980).

**4.** The issue of jurisdiction is raised *sua sponte.* Rule 12(h)(3), Fed.R.Civ.P.; *see, e. g., Orr v. Orr*, 440 U.S. 268, 271, 99 S.Ct. 1102, 1107, 59 L.Ed.2d 306, 314 (1979).