UNITED STATES of America, Plaintiff,

v.

Myron Arnold LEVIN, Defendant.

No. 82–390C (B).

United States District Court,
E.D. Missouri, E.D.

Aug. 26, 1982.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Allen I. Harris, St. Louis, Mo., for defendant.

## MEMORANDUM

REGAN, District Judge.

This matter is before us on plaintiff's motion for summary judgment. Defendant has not responded to the motion.

On September 25, 1970, defendant was sentenced in this district to an aggregate term of 15 years and fined an aggregate of $30,000 on three counts charging violations of former Section 331(q)(2)(a), Title 21 United States Code. To date, the fines have not been paid. This action is on the monetary judgment rendered on September 25, 1970.

 Wholly aside from the fact that defendant is in default, having filed no responsive pleading after his motion to dismiss was overruled on May 4, 1982, the facts are not in dispute. The sole issue is one of law. It is well settled that an action may be brought on a judgment, thereby renewing and "reviving" the judgment for enforcement purposes. This is particularly true where the judgment creditor is precluded from obtaining an execution on the original judgment. The Supreme Court so stated in *Custer v. McCutcheon,* 283 U.S. 514, 519, 51 S.Ct. 530, 531, 75 L.Ed. 1239. See, among other authorities, *Smith v. United States,* 143 F.2d 228 (9 Cir.1944); *Miller v. United States,* 160 F.2d 608 (9 Cir.1947); *United States v. Welborn,* 495 F.Supp. 833 (D.C.N.C.1980); *United States v. Jenkins,* 141 F.Supp. 499 (D.C.Ga.1956), aff'd 238 F.2d 83 (5 Cir.1956). Inter alia, these cases held, and we agree, that state statutes of limitation do not apply to the Government's right of action. However, as we have noted, defendant has not pleaded that or any other affirmative defense.

It follows that plaintiff's motion for summary judgment is well taken and should be and is hereby SUSTAINED. Judgment will be entered in favor of plaintiff for $30,000.