**UNITED STATES of America, Plaintiff,**

v.

**Robert J. FEBRE, Defendant.**

**No. 89 C 1588.**

United States District Court,
N.D. Illinois, E.D.

May 13, 1991.

Carol A. Davilo, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

David G. Wentz, H. Kent Heller & Associates, Inc., Naperville, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

In 1983, in the United States District Court for the Northern District of Ohio, the defendant, Robert J. Febre, ("Febre"), pled guilty to various criminal charges including mail fraud, conspiracy, and income tax evasion. On November 10, 1983 the Ohio District Court sentenced Febre to 22 months of imprisonment and a $100,000.00 fine. On February 23, 1987, pursuant to 28 U.S.C. § 1963, the defendant's criminal fine judgment was registered in the United States District Court for the Southern District of Florida. On February 27, 1989, again pursuant to 28 U.S.C. § 1963, the criminal fine judgment was registered in the United States District Court for the

Northern District of Illinois. To date, none of the $100,000.00 fine has been paid.

Having registered a certified copy of the Ohio judgment in the Northern District of Illinois, the United States now seeks to enforce the $100,000.00 Ohio judgment. The defendant argues that the registration of judgment in the Northern District of Illinois is barred by the Illinois five-year statute of limitations for non-specified civil actions and now moves this Court to vacate the registered judgment and dismiss the action pursuant to Federal Rule of Civil Procedure 60(b)(4)[1] on the ground that the decision is void. For the following reasons, both the defendant's motions to vacate the judgment and to dismiss this action are denied.

### Discussion

This case appears to present the Court with an issue of first impression: whether the government, in registering a criminal fine judgment from a federal district court of one state to a federal district court of another state pursuant to 28 U.S.C. § 1963, is subject to state statutes of limitations that would appear to bar registration of the judgment.

United States Code, 28 U.S.C. § 1963, provides that,

A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district court by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (1988).

Some of the primary purposes of the § 1963 registration statute have been stated as follows:

... to simplify and facilitate the enforcement of federal judgments, at least those

---

**1.** The Federal Rules of Civil Procedure provide, in pertinent part, that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void." Fed.R.Civ.P. 60(b)(4).

for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter. [Citations omitted.] If for judgment purposes, registration [under § 1963] were to be given a lesser status than a judgment on the judgment, some or all of these purposes are thwarted and the judgment creditor, in order to fully protect himself, must resort to the old an more formal procedure.

*Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir.1965). "The language of the statute is absolutely clear that once the judgment is registered in the new district, it shall have the same effect as a judgment of a district court of the district where registered." *United States v. Palmer*, 609 F.Supp. 544, 547 (D.C.Tenn.1985). While the majority of case law employing § 1963 concerns litigation between private parties, if the United States elects to register a judgment under the registration statute, it may clearly do so. *United States v. Palmer*, 609 F.Supp. at 548.

■ The defendant argues that in determining whether a judgment can be registered in another United States district court, the law of the *state* in which registration is sought must be applied to determine whether the registration of that judgment is barred by the statute of limitations. Illinois law provides that "all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Ill.Rev.Stat. ch. 110, ¶ 13–205 (Smith–Hurd 1984). Consequently, the defendant argues that the § 1963 registration of the Ohio judgment in the Illinois District Court is void since more than five years have passed since the judgment was originally rendered in the Ohio court.[2]

The defendant relies on *Matanuska Valley Lines, Inc. v. Molitor*, 365 F.2d 358 (9th Cir.1966) to support this conclusion. In *Matanuska*, the plaintiff obtained a default judgment in the United States District Court for the District of Alaska in 1956. 365 F.2d at 359. Pursuant to 28 U.S.C. § 1963, the judgment was registered in 1964 in the United States District Court for the Western District of Washington. *Id.* Under Alaska law, the effective life and lien of a judgment was ten years; under Washington law, a foreign judgment was not registerable in the state after the expiration of six years following entry of the foreign judgment. *Id.* Since eight years had passed between the original rendering of the judgment and the attempt to register the judgment in another district, which state law the court chose to apply would determine whether the registered judgment was enforceable or void. In holding that the Alaska judgment was not registerable in Washington, the 9th Circuit stated,

> It has long been established that the enforcement of a judgment of a sister state may be barred by application of the statute of limitations of the forum state [state where registration is attempted]. Any attempt by Matanuska to enforce its judgment in the Washington state courts after the lapse of six years would have been fruitless despite the "liveness" of the judgment according to the Alaska statutes.

365 F.2d at 360. The *Matanuska* court further held that,

> where jurisdiction is founded on *diversity of citizenship*, the district courts are to apply the substantive law of the forum state (*Erie Ry. Co. v. Tompkins*, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188] (1938), including the forum state's conflict of laws rules (*Klaxon Co. v. Stentor Co.*, 313 U.S. 487 [61 S.Ct. 1020, 85 L.Ed. 1477] (1941). Application of the *Klaxon* doctrine results in the use of the Washington statutes ...

365 F.2d at 360 (emphasis added). The defendant properly recognizes that the application of the *Matanuska* holding to the facts in the instant case would result in the

---

**2.** The Ohio district court judgment was entered on November 10, 1983. The judgment was registered in the Illinois district court on February 27, 1989. Therefore, five years and 109 days had passed since the Ohio judgment date.

unenforceability of the subsequently registered Illinois judgment.

However, this Court finds *Matanuska* markedly distinguishable from the instant action. In researching case law concerning the use of the § 1963 registration statute, this Court found no decisions involving the United State's registration of a criminal fine judgment. All case law found, like the *Matanuska* decision, involved civil disputes.[3] This is not to say that § 1963 is inapplicable to criminal fine judgments. This Court holds that the United States can register a criminal fine judgment, pursuant to § 1963, in any district court. However, unlike its position in civil disputes, the United States is not subject to any state statute of limitations barring the registration of judgments involving fines rendered upon conviction for a crime. *Smith v. United States*, 143 F.2d 228 (9th Cir.), *cert. denied*, 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585 (1944); *See also, United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Welborn*, 495 F.Supp. 833 (M.D.N.C.1980); *United States v. Jenkins*, 141 F.Supp. 499 (S.D.Ga.), *aff'd*, 238 F.2d 83 (5th Cir.1956) (per curiam), *appeal dismissed*, 352 U.S. 1029, 77 S.Ct. 595, 1 L.Ed.2d 598 (1957) (United States revived a 23 year-old criminal fine judgment against the defendant).

In *Smith*, the defendant was convicted and sentenced to a prison and a $10,000.00 fine in the Southern District of California. The defendant failed to pay the fine and served an additional 30 days in prison. Still unable to pay after the additional 30 days, the defendant took a pauper's oath and was released from prison. The government sued the defendant 17 years later in the Western District of Washington to collect the unpaid fine. 143 F.2d at 228. The defendant asserted state statutes of limitations and a federal statute, presently codi-

fied at 28 U.S.C. 2462,[4] 143 F.2d at 228–29. In *Smith*, the court held that

> [i]n the absence of a specific act of Congress to the contrary, state statutes of limitations do not bind the sovereign. [Citations omitted.] It has always been assumed that there is *no time limitation for the enforcement of a judgment, whether of fine or imprisonment, rendered upon conviction for a crime.*

143 F.2d at 229 (emphasis added.) With respect to the federal statute (a specific act of Congress), the *Smith* court held that the statute, now 28 U.S.C. § 2462,

> imposes a time limit within which prosecutions must be commenced by indictment, information or suit. It imposes no time limit upon the enforcement of a penal judgment. Thus we have a situation where Congress, the only body possessing authority in the premises, has not seen fit to limit the time within which penal judgments for money can be collected or enforced by suit.

143 F.2d at 229; *See also, United States v. Memphis Retail Package Stores Ass'n*, 334 F.Supp. 686 (D.C.Tenn.1971).

The facts of the *Smith* case are similar to the instant case. As in *Smith*, the defendant is now in a state other than where the original criminal fine judgment was first rendered. The United States is attempting to enforce its judgment in the district court of the new state and the defendant is claiming that the judgment is barred by the state's statute of limitation. While the *Smith* case did not involve the use of the § 1963 registration statute, we find that the method used by the United States to enforce a criminal fine judgment does not affect its immunity from state statutes of limitations in the context of criminal fine judgments. Thus, the defendant's Rule 60(b)(4) motion to obtain relief from a federal judgment on the grounds

---

3. Many of the decisions involved the United States as a party to the civil lawsuit, however, none were found concerning the registration of *criminal fine* judgments.

4. 28 U.S.C. § 2462 provides that "[e]xcept as otherwise provided by act of Congress, an action, suit or proceeding for the enforcement of any *civil* fine, penalty, or forfeiture, pecuniary

or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon." 28 U.S.C. § 2462 (1988) (emphasis added).

that the judgment is void, or barred by the state's statute of limitation, is without merit.

■ The defendant also argues that Rule 69 of the Federal Rules of Civil Procedure directs the court that "the procedure on execution in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the District Court is held." Fed.R. Civ.P. 69.[5] Therefore, the government's claim should be dismissed because Rule 69 requires the application of Illinois' five-year limitations period on non-specified civil actions.

Rule 69 makes applicable Illinois state law as to the *remedies for the execution* of the judgment and other *proceedings in aid* of judgment. This Court does not regard the registration of a criminal fine judgment in a district court to be 'a remedy for the execution' or 'a proceeding in aid of judgment.' "Such a cause of action is a substantive right in the United States, *not its procedural remedy." U.S. v. Welborn*, 495 F.Supp. at 835.

For example, in *Welborn*, the defendant was convicted in federal court of possessing an unregistered still and illegally carrying on the business of a distiller and was sentenced to a three-year prison term and a $1000.00 fine. The defendant served three years in prison, but never paid the fine. 495 F.Supp. at 834. Nineteen years later the government filed suit to collect the unpaid fine, and, in addition, asserted over $10,000.00 in damages. *Id.* In granting the government's motion for summary judgment, the court, citing *United States v. Jenkins*, held that "it is a settled rule that the United States is not bound by state statutes of limitation or subject to the defense of laches." 495 F.Supp. at 835.

The facts in *Jenkins* are similar to *Welborn, Smith*, and the instant case. In *Jenkins*, the government sued to revive a criminal fine judgment rendered against the defendant 23 years earlier. The government had recorded its judgment with a state clerk of court; however, under state law, the judgment had been dormant for 11 years at the time the government attempted collection. *Id.* The *Jenkins* court explained that although a state statute may bar actions on dormant judgments, it does not bar the government's subsequent right to revival of the judgment. 495 F.Supp. at 836. The *Jenkins* court stated that,

the United States retains its right of action ... even where there are [state] statutes ... barring action on dormant judgments or limitations on a right of action. [Citations omitted.] The Federal Government is controlled by State statute[s] governing the *procedure for filing and acting upon executions* whether the procedure is actually followed or not. That is to say, State law determines when a Federal judgment becomes dormant *but not the [government's] subsequent right of revival.*

*Id.*

As stated earlier, a judgment registered under § 1963 is to have the same effect as the judgment in the district court where rendered; it is a judgment on the judgment. In the instant case, the registration of the defendant's criminal fine judgment in the Northern District of Illinois is a substantive right of the United States and is not subject to any state statutes of limitation applied directly or through Rule 69. A writ of execution obtained by the government against, for example, the defendant's property may be subject to state statutes of limitations barring execution on a dormant judgment, however, a state statute will not affect the government's subsequent revival of the judgment and issuance of a new writ of execution.

The defendant has not cited and this Court has not found any opinions rejecting the principle that no limitation period, state

---

**5.** Rule 69 provides, in pertinent part, that a "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

or federal, bars the United States from registering a criminal fine judgment under 28 U.S.C. § 1963,[6] or, in general, enforcing any judgment on an unpaid criminal fine.

### Conclusion

This Court holds that the government may successfully register, pursuant to 28 U.S.C. § 1963, a criminal fine judgment in any district court of the United States and in doing so is not subject to any state statute of limitations barring the registration of the judgment. For the foregoing reasons, the defendant's motion to vacate the registered judgment and dismiss the action pursuant to Federal Rule of Civil Procedure 60(b)(4) is denied.

---

**6.** It is noted that the United States has an alternative avenue of enforcement for the criminal fine judgment against the defendant in the "federal long-arm execution statute", 28 U.S.C. § 2413. The federal long-arm statute provides that

> a writ of execution on a judgment obtained for the use of the United States in any court thereof shall be issued from and made returnable to the court which rendered the judgment, but *may be executed in any other State, in any Territory, or in the District of Columbia.*

28 U.S.C. § 2413 (emphasis added). Under this statute the government need only obtain a writ of execution in the Ohio District Court and execute that writ in Illinois. Execution under § 2413 would appear to be accomplished more quickly than under § 1963 because § 2413 execution bypasses any local registration requirement and can be implemented immediately. Again, as held in the opinion, the United States is not subject to any state statute of limitations in enforcing a criminal fine judgment. Also, as noted in the opinion, a writ of execution is a procedural remedy and must comply with any state statutes barring execution on, for example a dormant judgment. However, this does not prevent the government from obtaining a new writ of execution or reviving a dormant writ of execution from a federal criminal fine judgment that is not subject to state statutes.