Virella v. USA                    CV-95-612-B    06/28/96
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE


Michael Virella

    v.                                 Civil No. 95-612-B

United States of America



                        O R D E R


    Pro se petitioner, Michael Virella, brings a motion to

vacate, set aside, or correct the sentence stemming from his 1983

conviction for possession of cocaine with intent to distribute.

Petitioner brings his motion pursuant to 28 U.S.C.A. § 2255.[1]

For the following reasons, I deny Virella's motion.

_____

    [1]  28 U.S.C.A. § 2255 provides a remedy for a "prisoner in
custody under sentence of a court established by Act of
Congress," i.e., a federal court.  It appears from the record
that Virella had served his federal sentence by the time he filed
this action.  The fact that he is under sentence to pay a
monetary fine does not result in a restraint on his liberty
sufficient to meet the "in custody" requirement of § 2255.  See
United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990) (the
court stated that "A monetary fine is not a sufficient restraint
on liberty to meet the `in custody' requirement for § 2255
purposes."); United States v. Watroba, 56 F.3d 28 (6th Cir.
1995); and United States v. Segler, 37 F.3d 1131 (5th Cir. 1994).
If Virella has served his term of imprisonment, he may not base
his claim for relief on § 2255.
    The government does not argue that Virella's petition should
be dismissed because it was brought as a § 2255 motion.
Accordingly, I will assume, without deciding, that Virella
satisfies § 2255's in-custody requirement.

## I.    BACKGROUND

Virella was arrested December 14, 1982 and charged with a violation of Title 21, United States Code, Section 841(a)(1), possession with intention to distribute cocaine.  Virella was held in lieu of $200,00.00 bail pending trial.  An indictment was returned on December 16, 1982 charging Virella with the same violation.  On February 28, 1983, a jury of twelve plus two alternates was impaneled before the Hon. Martin F. Loughlin and the foreperson was appointed; however, the oath was not given until March 3, the day the trial commenced.  The jury returned the verdict on March 10, finding Virella guilty of the single count in the indictment.  Virella was sentenced April 18, 1983 to a period of twelve years imprisonment to be followed by a special parole term of ten years.  In addition, a "committed"[2] fine of $25,000.00 was imposed.  The defendant filed a notice of appeal to the First Circuit on April 26, 1983.  In his appeal, Virella challenged his sentence on the grounds that it was unconstitutionally excessive.  The First Circuit rejected his

---

[2]  18 U.S.C.A. § 3565(a)(1) provides in pertinent part: "If the court finds. . . that the defendant has the present ability to pay a fine. . . the judgment may direct imprisonment until the fine. . . is paid, and the issue of execution on the judgement shall not discharge the defendant from imprisonment until the amount of the judgment is paid."

arguments noting "that the defendant's sentence neither exceeds the statutory limit . . . nor constitutes cruel and unusual punishment."  United States v. Francesco, 725 F.2d 817, 823 (1st Cir. 1984).

The defendant's GMC Blazer was seized on December 14, 1982, the same day he was arrested for possession with intent to distribute.  In accordance with 21 U.S.C.A. § 881 and 21 C.F.R. § 1316.77, the vehicle was declared forfeited on April 4, 1983.[3] Prior to the declaration of forfeiture, on March 14, 21 and 28, and in accordance with 21 C.F.R. § 1316.75, notice of the seizure and intended forfeiture was published in the Manchester Union Leader.  In addition, the DEA sent notice of the administrative forfeiture proceedings by registered mail to the address the vehicle was registered to as of March 7, 1983:  P & F Enterprises, Inc., 121 Mount Vernon Street, Boston, Massachusetts.  The United States Postal Service attempted to deliver the registered mail on March 8, 16 and 22, without success.  The mail was then returned as "unclaimed" to the DEA. At no time prior to the forfeiture did the DEA receive a petition

---

[3]  Section 1316.77 provides for "summary forfeiture" wherein the "custodian" (defined in § 1316.71(b) as special agent of the DEA or FBI who seizes "such property as may be subject to seizure") is empowered to declare the property forfeited.

3

for remission of the seized vehicle as required by 21 C.F.R.
§§ 1316.79 and 1316.80.

On November 18, 1983, the defendant filed a motion for
return of property seized.  Virella's motion was filed more than
eight months after the forfeiture proceedings had been initiated
by the DEA and more than seven months after the vehicle had been
declared forfeited.  Defendant's motion was denied on December
21, 1983.  The defendant then filed a motion for reconsideration
of the order denying his motion for return of seized property.
The defendant's motion for reconsideration was denied on January
13, 1984.[4]

------

[4]  Time Line:
1.  12-14-82  Virella is arrested.
2.  3-3-83    Jury is sworn in and trial begins.
3.  3-7-83    DEA initiates forfeiture proceedings.
4.  3-10-83   Jury returns a guilty verdict in
              criminal trial.
5.  4-4-83    Forfeiture declaration is issued.
6.  4-18-83   Virella is sentenced in criminal
              proceeding.

## II.  **DISCUSSION**[5]

Michael Virella makes two distinct arguments in support of his motion to vacate his 1983 conviction for possession of cocaine with intent to distribute.  First, he contends the conviction violated his constitutional right not to be prosecuted twice for the same offense.  Second, he contends that he should not be required to pay the fine assessed as part of the sentence because a United States magistrate waived the fine when he was released from federal custody.

### A.  **The Double Jeopardy Claim**

Virella's first argument can be resolved on the basis of his motion and the court records.  He claims that his criminal

---

[5]  In a motion brought under 28 U.S.C.A. § 2255, the petitioner carries the burden of demonstrating the need for an evidentiary hearing. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).  Furthermore, "[i]n determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets."  Id.
The First Circuit holds a hearing to be unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Id. at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 122 (1st Cir. 1974)).  In the instant case, petitioner does not dispute the facts described in this order.  Having reviewed the expanded record, I conclude that an evidentiary hearing is unnecessary because the files and records of the case conclusively establish that petitioner is not entitled to the relief he seeks.

5

conviction must be vacated because the United States based a criminal forfeiture proceeding on the same facts that were used to convict him at the criminal trial. However, court records demonstrate that the government did not initiate the forfeiture proceedings until after jeopardy attached in the criminal trial; therefore, the forfeiture proceeding does not affect the validity of the criminal conviction and sentence.

Petitioner correctly asserts that the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction, and against multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). Virella wrongly concludes, however, that for purposes of protecting against multiple punishments, jeopardy attaches when punishment commences, i.e., at sentencing.

In United States v. Pierce, 60 F.3d 886 (1st Cir. 1995), petition for cert. filed, ____ U.S.L.W. ____ (U.S. Oct. 19, 1995) (No. 95-6474), the First Circuit summarily rejected the theory that jeopardy in the context of successive punishments does not attach until the time of punishment. Jeopardy attaches in a criminal trial when the jury is empaneled and sworn. Pierce, 60 F.3d at 886 (citing Crist v. Bretz, 437 U.S. 28, 35 (1978)). Other circuits considering the same argument have also rejected

it.  <u>Dawson v. United States</u>, 77 F.3d 180, 182 (7th Cir. 1996);

<u>United States v. Idowu</u>, 74 F.3d 387, 397 (2d Cir. 1996).  In its

decision, the <u>Pierce</u> court points out that an argument which

asserts that jeopardy does not attach until punishment commences

> implies that a criminal defendant should have the right
> to withhold objection to a forbidden successive
> prosecution and raise a double jeopardy argument only
> in the event that the second prosecution leads to a
> prior and less severe punishment than that meted out in
> the original case.  Put another way, a defendant ought
> to have the option to endure an unconstitutional second
> trial in the hope that it will both conclude first and
> lead to a more lenient punishment than that eventually
> imposed in the first trial on double jeopardy grounds.

<u>Pierce</u>, 60 F.3d at 890.  Clearly this implication results in a

pronounced perversion of the Double Jeopardy Clause.  The

"[c]lause is a shield against the oppression inherent in a

duplicative, punitive proceeding; it is not a tool by which a

defendant can avoid the consequences of the proceeding in which

jeopardy first attached."  <u>Id.</u>  Because jeopardy attached first

to Virella's criminal prosecution, the Double Jeopardy Clause, if

violated, would bar only the civil forfeiture.  Virella's

criminal sentence cannot be vacated on double jeopardy grounds.[6]

---

[6] Assuming arguendo that a civil forfeiture can be punitive and thus invoke double jeopardy protection and that the facts in this case were such that jeopardy attached first in the civil forfeiture proceeding, petitioner's motion must still be denied. Petitioner attempts to retroactively apply new constitutional rules of criminal procedure coined by <u>Halper</u> and its progeny.

## C. __Waiver of the $25,000.00 Fine__

Virella contends in his second claim that the fine imposed as part of his sentence was waived by a U.S. Magistrate for the Southern District of Indiana upon Virella's release from federal custody on December 13, 1988. His contention does not comport with the record.

Petitioner's sentence included a $25,000.00 "committed" fine pursuant to 18 U.S.C.A. § 3565. Section 3565 allows the sentencing court to determine whether the defendant has the ability to pay a fine imposed at the time of sentencing and if so, empowers the court to "direct imprisonment until the fine or penalty is paid." Notwithstanding § 3565, Magistrate Judge Jordan D. Lewis released Virella from custody pursuant to 18 U.S.C.A. § 3569. Section 3569 provides in pertinent part:

> When a poor convict, sentenced for violation of any law of the United States by [a federal court], to be imprisoned and pay a fine . . . has been confined in prison, solely for the nonpayment of such fine . . . such convict may make application in writing to the

These rules were not in place at the time his conviction was made final. Therefore, a retroactive application of these rules is precluded by the Supreme Court's holding in Teague v. Lane, 489 U.S. 288 (19__). In Teague, the Court held "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310. Virella's conviction was made final some five years before the Court's decision in Halper; consequently, he cannot rely on new rules arising out of the Halper decision

nearest United States magistrate in the district where he is imprisoned setting forth his inability to pay such fine . . . and after notice to the district attorney of the United States, who may appear , offer evidence, and be heard, the magistrate shall proceed to hear and determine the matter.

If on examination it shall appear to him that such convict is unable to pay such fine . . . the magistrate shall administer to him [a pauper's oath].  Upon taking such oath such convict shall be discharged . . . .

Petitioner's discharge from custody did not release him from his indebtedness for the fine imposed.  Vitagliano v. United States, 601 F.2d 73 (1979); Smith v. United States, 143 F.2d 228 (1944); United States v. Pratt, 23 F.2d 333 (1927).  Therefore, § 3569 empowered the U.S. Magistrate release Virella from the federal penitentiary, but not from his obligation to pay the fine.

### III.  CONCLUSION

For the foregoing reasons, Virella's motion to vacate sentence under 28 U.S.C.A. § 2255 (document no. 1) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 28, 1996

cc:  Peter Papps, Esq.
     Michael Virella, pro se

9